# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**STEVEN ERIC DISON**                                                                                             **PETITIONER**

**v.**                                    **No. 1:14CV42-SA-DAS**

**EARNEST LEE, ET AL.**                                                                   **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Steven Eric Dison for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Dison has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

## Facts and Procedural Posture

Steven Eric Dison is in the custody of the Mississippi Department of Corrections and is currently housed at the Mississippi State Penitentiary in Parchman, Mississippi. Dison was convicted of one count of burglary of a dwelling in the Circuit Court of Oktibbeha County, Mississippi. On November 4, 2009, he was sentenced as a habitual offender under Miss. Code Ann. § 99-19-81, to serve twenty-five years in the custody of the Mississippi Department of Corrections ("MDOC"). Dison appealed his conviction and sentence to the Mississippi Supreme Court. On May 17, 2011, the Mississippi Court of Appeals affirmed the judgment of the circuit court. *Dison v. State,* 61 So.3d 975 (Miss.Ct.App. 2011) (Case No. 2010–KP–00183–COA). Dison did not seek rehearing, but on November 18, 2013 (over two years after the mandate had issued), he filed a petition for writ of certiorari to the Mississippi Supreme Court, which dismissed the petition as untimely filed under Rule 17(b) of the Mississippi Rules of Appellate

Procedure. On March 8, 2012, Dison filed an Application to Proceed in the Trial Court with a Motion for Post-conviction Relief in the Mississippi Supreme Court (signed on March 7, 2012). On April 19, 2012, the Mississippi Supreme Court denied the application.

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

As Dison never sought rehearing in the Mississippi Court of Appeals, fourteen days, the time period during which he could have sought such review, is added to the date on which his direct appeal ended and his conviction became final. *See* Miss. R. App. P. Rule 40(a); *see also Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Thus, Dison's conviction became final fourteen days after his

conviction was affirmed, May 31, 2011 (May 17, 2011, plus 14 days).  As Dison filed a state application for post-conviction relief ("PCR") as contemplated by 28 U.S.C. § 2244(d)(2) before May 31, 2012, the limitations period was tolled during its pendency.  *See Grillete,* 372 F.3d at 769; *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).  Dison signed the motion on March 7, 2012, and the court denied it on April 19, 2012.  Thus, Dison's AEDPA limitations period was tolled for forty-three days, and the new deadline for the filing of Dison's federal *habeas corpus* relief became July 13, 2012 (May 31, 2012, plus 43 days).

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court.  *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)).  In this case, the federal petition was filed sometime between the date it was signed on March 5, 2014, and the date it was received and stamped as "filed" in the district court on March 7, 2014.  Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 600 days after the July 13, 2012, filing deadline.

As Dison was neither actively misled nor prevented in some extraordinary way from asserting his rights, he has not alleged any "rare and exceptional" circumstance to warrant equitable tolling.  *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999).  Dison also raises a claim of "actual innocence" in his federal *habeas corpus* petition, arguing that he had an alibi witness whom his attorney failed to subpoena and call at trial.  In *McQuiggin v. Perkins,* 133 S.Ct. 1924,

- 3 -

1928 (2013), the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup[v.Delo,* 513 U.S. 298 (1995)] and *House [v. Bell,* 547 U.S. 518 (2006)], or, as in this case, expiration of the statute of limitations." *See also Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003); *Dowthitt v. Johnson,* 230 F.3d 733, 741 (5th Cir. 2000). However, "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (Citations omitted). Though Dison raises a bare claim of actual innocence, he has neither identified the witness nor provided an affidavit from the witness regarding what her testimony might have been. As such, Dison has not provided any new evidence to support his claim of actual innocence, and he is not entitled to equitable tolling of the limitations period for his petition.

The instant petition will thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 1st day of August, 2014.

                                      **/s/ Sharion Aycock**
                                      **U.S. DISTRICT JUDGE**